PICKENS v. BRYANT.

1. RES ADJUDICATA.—Where a trustee appointed by the heirs of an in-
   testate, by deed under seal, sues on a note alleging a promise to pay
   the intestate, the complaint was properly dismissed, upon the ground
   that the administrator is the only person who could maintain an action
   on the note; but in a second action on the same note, the cause of
   action alleged to be a promise to pay the trustee, it is error to dismiss
   the second complaint on the ground of *res adjudicata*.
2. TRUSTEE—DEBT OF HEIR AT LAW—ESTOPPEL.—The heirs at law of
   an intestate executed under seal a deed of trust, appointing a trustee
   to collect and distribute the assets of the estate; one of the heirs owed
   a note to the intestate, and in the deed obligated to pay it to the trus-
   tee. *Held,* that such promise to pay the note to the trustee was a
   good cause of action by the trustee against such heir, and the heir
   could not object to the legal capacity of the trustee to sue on that
   promise.

Before BUCHANAN, J., Anderson, February 19, 1895.
Reversed.

This was an action commenced on January 8, 1895, by
Andrew W. Pickens, as trustee for the heirs of N. C. Clardy,
deceased, against M. A. C. Bryant, N. R. Bryant, and W.
J. Bryant, on a promissory note. The following are the
pleadings, the order, and the exceptions:

The complaint of the plaintiff by his attorneys shows:

1. That on or about the 6th day of November, A. D.
1890, the defendants executed and delivered to N. S. Clardy,
now deceased, their certain sealed note in writing, of which
the following is a copy, to wit: "November 6th, 1890.
$826.  One day after date we promise to pay N. S. Clardy,
or bearer, $826, with interest at the rate of ten per cent.
per annum, paid annually.  Value received, as witness our
hands and seals this November 6th, 1890.  M. A. C.
Bryant, [L. S.]; N. K. Bryant, [L. S.]; W. J. Bryant,
[L. S.]"

2. That thereafter, and before the commencement of this
action, said N. S. Clardy departed this life intestate, and

2—45

all of his heirs at law and distributees by deed duly executed and recorded in the office of the register of mesne
conveyance, for the county and State aforesaid, constituted
and appointed this plaintiff their agent and trustee, to collect the assets due the estate of the said N. S. Clardy, and
pay all of the debts due by the said estate, and divide the
balance between the parties in interest, according to their
respective interests in said estate; and, pursuant to the
trusts contained in said deed, this plaintiff has collected up
a considerable amount of the assets of the said estate, and
has paid all the indebtedness due by said estate.

3. That said deed was made by said heirs of N. S. Clardy,
deceased, by way of compromise of all the claims, differences, and disputes of said heirs, and for valuable consideration to each of them, as well as for the purpose of saving
costs and expenses of threatened and bitter litigation.

4. That the defendant, M. A. C. Bryant, is a daughter of
the said N. S. Clardy, deceased, and one of his heirs at law
and distributees, and, for valuable consideration, joined in
said trust deed, and covenanted and promised among other
things in said deed, the same being in writing under her
seal, that she would "pay her note of $826, and interest, to
the said A. W. Pickens, trustee, as aforesaid," said note
being the same hereinbefore set out and described, all of
which will more fully appear by reference to said deed,
which is dated 1st day of March, A. D. 1892, and recorded
in register mesne conveyance office for Anderson County,
S. C., and to which plaintiff begs reference as often as may
be necessary for the purposes of this suit.

5. That, by virtue of the said deed of trust, the plaintiff,
as trustee as aforesaid, is the lawful holder and owner of the
said sealed note, and that no part of the same has been
paid, and there is now due and owing thereon by the defendants to the plaintiff the sum of $826, with interest thereon
from the 7th day of November, 1890, at ten per cent. per
annum, payable annually.

6. That the consideration of the said sealed note was the

purchase money of a tract of land bought by the defendant, M. A. C. Bryant, of one  Wigginton, said sum of money being loaned her by N. S. Clardy for the purpose of making said purchase.

The defendants, by Tribble & Prince, their attorneys, answering the complaint herein, respectfully show to the Court for a first defense:

1. That on the 11th day of January, 1894, Andrew W. Pickens, as trustee for the heirs of N. S. Clardy, deceased, filed his complaint against these defendants, wherein said Andrew W. Pickens, as trustee as aforesaid, was plaintiff, and these defendants were defendants, alleging as his cause of action the same note as is alleged in the complaint herein, his title and ownership by virtue of the deed of trust alleged, as will more fully appear by reference to the proceedings in said action.

2. That the defendants interposed a demurrer to said complaint, as follows:

1. Because said complaint does not state facts sufficient to constitute a cause of action against these defendants in favor of the said plaintiff.

2. Because it appears upon the face of said complaint that the plaintiff has not the legal capacity to sue in this behalf, and these defendants submit that no one except the duly qualified administrator of the estate of the said N. S. Clardy, deceased, intestate, can maintain an action on said note.

3. That the cause came on to be heard at the February term of the Court of Common Pleas for the County of Anderson, State aforesaid, whereupon the Court at the February term, 1894, made an order in said cause, as follows: "On hearing the pleadings in this action and demurrer of defendants to the complaint, after argument of counsel, it is ordered and adjudged, that said demurrer be, and the same is hereby, sustained, and that said complaint be dismissed with costs."  And these defendants allege and sub-

mit that the matter of plaintiff's right and title to said note under said alleged trust deed is *res adjudicata*.

For a second defense:

1. These defendants deny that said N. S. Clardy died intestate, as alleged in said complaint, but they allege that said plaintiff has made application for letters of administration on said estate, and the matter is still pending in the probate court on objections, namely, that said N. S. Clardy died leaving in force his last will and testament.

The defendant, M. A. C. Bryant, further answering, says:

1. That she is a married woman, and was such at the time said note is alleged to have been made, and she denies the allegations contained in paragraph 6 of said complaint.

2. That the consideration of said note was money and indebtedness of her husband, and was not for the benefit of her separate property, and she did not charge her separate property with the payment thereof.

3. That the said alleged deed of trust was gotten up mainly in fraud of this defendant's rights, and the alleged agreement on her part to pay said note was put in without her knowledge or consent, and said debt was not her individual obligation, and the parties instrumental in getting up said deed of trust have sought to take advantage of her ignorance and make her liable in a different manner from the original contract.

4. That this defendant is an ignorant woman, has but little education, and did not understand her rights fully in the premises, and advantage was taken of her ignorance, as well as of other legatees, to induce them to join in said deed of trust, and the whole thing was gotten up through fraud, misrepresentation, and suppression of the facts and terms of the last will and testament of her father, N. S. Clardy, deceased, and her signature to said deed of trust was obtained through fraud and misrepresentation as to her rights in the premises.

5. That said deed shows on its face that it has not been legally executed by all the heirs at law and legatees of said

N. S. Clardy, deceased, and some of said parties in interest in said estate were under the age of twenty-one years at the time of the execution of said deed of trust.

6. That they deny each and every allegation contained in said complaint not 'herein specifically admitted or explained. Wherefore, these defendants ask judgment, that said complaint be dismissed with costs.

The following is a copy of the complaint in the action begun on the 11th day of January, 1894, and referred to in defendant's answer:

The complaint of the above named plaintiff, by Murray & Watkins, his attorneys, respectfully shows to the Court:

1. That on the 6th day of November, 1890, the defendants, M. A. C. Bryant, N. K. Bryant, and W. J. Bryant, executed and delivered to N. S. Clardy their sealed note, whereby they obligated themselves to pay to the said N. S. Clardy, or bearer, the sum of $826, one day after the date thereof, with interest at the rate of ten per cent. per annum, paid annually, of which said note the following is a copy, to wit: "November 6th, 1890. $826. One day after date, we promise to pay N. S. Clardy, or bearer, $826, with interest at the rate of ten per cent. per annum, paid annually. Value received, as witness our hands and seals this November the 6th, 1890."

2. That thereafter, and before the commencement of this action, the said N. S. Clardy departed this life intestate, and all of his heirs and distributees, by deed duly executed and recorded in the office of the register of mesne conveyance for the county and State aforesaid, made and appointed this plaintiff as their agent and trustee, to collect the assets due the estate of the said N. S. Clardy, and pay all the debts due by the said estate, and divide the balance between the parties in interest, according to their respective interests in the said estate.

3. That, by the trust above set forth, this plaintiff is the lawful holder and owner of the said sealed note.

4. That no part of the said sealed note has been paid, either to the said N. S. Clardy in his lifetime, or to this plaintiff, or any other person authorized to receive the same, since the death of the said N. S. Clardy, and there is now due and owing to this plaintiff, as trustee as aforesaid, on the said sealed note, by the defendants above named, the sum of $826, and interest thereon from the 7th day of November, 1890, at the rate of ten per cent. per annum, payable annually.

5. That the said sealed note was given to the said N. S. Clardy by the defendants above named for the purchase of a tract of land from him by the defendant, M. A. C. Bryant, who is a married woman, and still owns the said land so purchased from him for which the said sealed note was given.

Wherefore, this plaintiff, as trustee as aforesaid, asks judgment against the defendants, M. A. C. Bryant, N. K. Bryant, and W. J. Bryant, for the sum of $826, and interest thereon from the 7th day of November, 1890, at the rate of ten per cent. per annum, payable annually, and for the costs of this action.

The following is the order of Judge Buchanan:

This case having been submitted, by agreement of counsel in open court, on the question of *res adjudicata* raised by the answer of the defendants, after hearing the pleadings in this case, pleadings and judgment of Court relied on as *res adjudicata*, after argument of counsel, it appearing to the Court that plaintiff's capacity to sue on the note herein was adjudicated in the former action by him against the same defendants adversely to his capacity:

It is ordered and adjudged, that the plea of *res adjudicata* be, and the same is hereby, sustained, and the complaint herein be dismissed with costs.

Plaintiff appeals from this order on following exceptions:

1. Because his Honor erred in holding that the question

of "plaintiff's capacity to sue in this action had been adjudicated in the former action by him against the same defendants adversely to his capacity."

2. Because his Honor erred in holding that the question of plaintiff's capacity to sue in this action was decided in the former action, it appearing from the pleadings in the two cases that the complaint in the case now before the Court shows plaintiff's capacity to sue by facts not stated in the former complaint.

3. Because his Honor erred in holding that the question of plaintiff's capacity to sue was *res adjudicata*, the subject matter and cause of action in the two cases being different.

4. Because his Honor erred in holding that the order made in the former case between the parties herein decided anything other than that the complaint in the former action did not state facts sufficient to constitute a cause of action in favor of said plaintiff against said defendants.

*Messrs. Bonham & Watkins*, for appellants.

*Messrs. Tribble & Prince*, contra.

Sept. 9, 1895. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced in the Court of Common Pleas for Anderson County on the 8th of January, 1895, by service of the summons and complaint on the defendants. The defendants answered the complaint, setting up as their first defense that of *res adjudicata*, which, together with the former complaint, to which reference is made in said first defense, the order of his Honor, Judge Buchanan, and appellants' exceptions, will be incorporated in the report of the case.

The substantial differences in the two complaints are contained in the additional allegations set forth in paragraphs 3 and 4 of the second complaint, which are as follows: 3. "That said deed was made by said heirs of N. S. Clardy, deceased, by way of compromise of all the claims, differences and disputes of said heirs, and for valuable con-

sideration to each of them, as well as for the purpose of saving costs and expenses of threatened and bitter litigation." 4. "That the defendant, M. A. C. Bryant, is a daughter of the said N. S. Clardy, deceased, and one of his heirs at law and distributees, and for valuable consideration joined in said trust deed, and covenanted and promised among other things in said deed, the same being in writing under her seal, that she would 'pay her note of $826 and interest to the said A. W. Pickens, trustee as aforesaid,' said note being the same hereinbefore set out and described, all of which will more fully appear by reference to said deed, which is dated 1st day of March, A. D. 1892, and recorded in register of mesne conveyance office for Anderson County, S. C., and to which plaintiff begs reference as often as may be necessary for the purpose of this suit."

It will not be necessary to consider the exceptions *seriatim*, as they raise the one question, whether his Honor, Judge Buchanan, was in error in sustaining the defense of *res adjudicata*.

The additional allegations, it will be seen, are 1st, that the defendant, M. A. C. Bryant, was a daughter and an heir at law of N. S. Clardy, and joined in the trust deed; 2d, the valuable consideration to her for so signing; and, 3d, a special promise on her part contained in said trust deed "to pay her note of $826 and interest to the said A. W. Pickens, trustee," said note being the one sued on in this action. There were no allegations in the first complaint to prevent the application of the familiar principles that when a person dies intestate an action can be maintained upon a note belonging to his estate, only by his legal representative through regular administration. *Ex parte Davega*, 31 S. C., 413; *Haley* v. *Thames*, 30 S. C., 270; *Richardson* v. *Cooley*, 20 S. C., 347; *Trimmier* v. *Thompson*, 10 S. C., 164; *Richardson* v. *Gowen*, 10 Rich., 109. The demurrer to the first complaint was properly sustained.

The additional allegations in the second complaint ma-

terially change the cause of action. When a person dies intestate, seized and possessed of real and personal property, and there are creditors of his estate, the heirs at law, distributees, and creditors all have an interest in said estate. The heirs and distributees have the right to make such settlement as will only affect their interests. They cannot, however, under such settlement of their interests, make any agreement that would be obligatory on the creditors. We do not understand that the heirs at law and distributees, in entering into the agreement mentioned in the complaint, intended to do more than bind themselves, but not the creditors of the estate. We do not admit that A. W. Pickens, the plaintiff, is an executor *de son tort, quoad* the defendant, M. A. C. Bryant. *Haley* v. *Thames, supra.*

2 But, even admitting that he is an executor *de son tort*, in intermeddling with the intestate's estate, by taking possession of the note and suing thereon, does this enable the defendant, M. A. C. Bryant, to repudiate her contract by refusing to pay her note according to agreement? We think not. If the defendant pay the note according to her promise, this would be a legal and valid payment of the note, provided the trustee should distribute the proceeds in such manner as the law directs. Rev. Stat., sec. 2038. When she entered into the contract she took upon herself the risk of having to pay the note, through regular administration, in case the proceeds were not distributed by the trustee in making such payments as "lawful executors or administrators may or ought to have and pay by the laws and statutes of this State." We do not see how it can be seriously questioned that the agreement on the part of M. A. C. Bryant, for valuable consideration, to pay money to the trustee to be expended in extinguishing the indebtedness of the estate, was binding on her and the parties with whom the agreement was made. The present action is simply to enforce performance of that agreement as between the parties bound thereby. The provisions of section 2039 of the Revised Statutes for com-

pelling executors *de son tort* to deliver possession of property in their hands to the legal representatives through regular administration are in no wise involved in this case. Having reached the conclusion, that the allegations of the two complaints are materially different, the order sustaining the defense of *res adjudicata* was erroneous.

It is the judgment of this Court, that the order of the Circuit Court be reversed.

.MR. CHIEF JUSTICE McIVER.  The only question presented by this appeal is, whether there was error in sustaining the defense of *res adjudicata*, and to that alone should this decision be regarded as responsive.  I agree that there was error in sustaining that defense, so far as the defendant, M. A. C. Bryant, is concerned, for the simple reason that the cause of action in the former case was the breach of a promise to pay the amount stated to the alleged intestate, while here the cause of action alleged against M. A. C. Bryant is the breach of a promise to pay the said sum of money to the plaintiff.  It is true, that both promises were made to pay the same debt, but they were made at different times to different persons, and evidenced by different instruments: one by the note set out in the complaint, and the other by the trust deed referred to in the complaint in the present action.  But so far as the other two defendants are concerned, I see no error on the part of the Circuit Judge in sustaining the defense of *res adjudicata* as to them, for there is no new or additional cause of action set forth against them in the present complaint; but, so far as I can perceive, it is precisely the same as that set forth against them in the previous complaint.